McGREGOR W. SCOTT
United States Attorney
JASON EHRLINSPIEL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2743

Attorneys for Defendant,
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RIVERA,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>ROY SHUMAN and DOES 1-100,<br><br>    Defendants. | No. 1:08-cv-1497-AWI-SMS<br><br>SETTLEMENT STIPULATION;<br>RELEASES; DISMISSAL; ORDER<br>AS TO PLAINTIFF'S CLAIM AGAINST<br>THE UNITED STATES |

It is hereby stipulated by and between plaintiff Brandon Rivera ("Plaintiff") and defendant, the United States of America (with Plaintiff, "the parties") as follows:

    1. The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

    2. The United States agrees to pay the sum of Two-hundred and fifty dollars ($250.00) to Plaintiff, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature against the United States, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, which Plaintiff or his

1  guardians, heirs, executors, administrators, or assigns, and each of them, now have or may
2  hereafter acquire against the United States, its agents, servants, and employees.
3     3. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to
4  accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims,
5  demands, rights, and causes of action of whatsoever kind and nature, including claims for
6  wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and
7  unforeseen bodily and personal injuries, damage to property and the consequences thereof which
8  they may have or hereafter acquire against the United States, its agents, servants, and employees
9  on account of the same subject matter that gave rise to this action, including any future claim or
10 lawsuit of any kind or type whatsoever, whether known or unknown, and whether for
11 compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors,
12 administrators, or assigns further agree to reimburse, indemnify and hold harmless the United
13 States and its agents, servants and employees from and against any and all causes of action,
14 claims, liens, rights, or subrogated or contribution interests incident to or resulting from further
15 litigation or the prosecution of claims arising from the subject matter of this action.
16    4. Plaintiff warrants and represents that he intends that this Stipulation shall release all
17 existing and future claims against the United States and its agents, servants and employees
18 arising directly or indirectly from the acts or omissions that gave rise to the above-captioned
19 action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the
20 Civil Code of the State of California, which provides as follows:

>      A general release does not extend to claims which the creditor does
>      not know or suspect to exist in his favor at the time of executing
>      [this] Release, which if known by him must have materially
>      affected his settlement with the debtor.

24    5. This Stipulation is not, is in no way intended to be, and should not be construed as, an
25 admission of liability or fault on the part of the United States or its agents, servants, or
26 employees, and it is specifically denied that they are liable to Plaintiff.  This settlement is entered
27 into by all parties for the purpose of compromising disputed claims under the Federal Tort
28 Claims Act and avoiding the expenses and risks of further litigation.

SETTLEMENT AND ORDER AS TO
PLAINTIFF'S CLAIM AGAINST THE U.S.            2

6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of Plaintiff.

7. Payment of the settlement amount will be made by one check payable to Plaintiff.

8. The parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

11. Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

12. The above-captioned action is hereby DISMISSED WITH PREJUDICE to the extent of Plaintiff's claims against the United States and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket. The claims of the United States against defendant Roy Shuman are not dismissed. The claims of Plaintiff against Defendant Roy Shuman are not dismissed.

13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that Hon. Anthony W. Ishi, District Judge, shall retain jurisdiction to enforce the terms of this compromise

1 | settlement.

2 |

3 | Dated: October 27, 2008                    /s/ Brandon Rivera
  |                                            BRANDON RIVERA
  |                                            Plaintiff

4 |

5 |

6 |                                            McGREGOR W. SCOTT
  |                                            United States Attorney

7 |

8 | Dated: October 30, 2008              By:   /s/ Jason Ehrlinspiel
  |                                            JASON EHRLINSPIEL
  |                                            Assistant U.S. Attorney
9 |                                            Attorney for the United States

10 |

11 |                                   **ORDER**

12 |

13 | IT IS SO ORDERED.

14 | **Dated:   November 10, 2008**              /s/ Anthony W. Ishii
   |                                             CHIEF UNITED STATES DISTRICT JUDGE